FILED

2011 MAY -2  P 2: 59

# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| **GEORGE BROWN, Plaintiff** | : CIVIL ACTION NO. |
| VS. | : COMPLAINT |
| IVAN J. CLAYTON,<br>CARL BERGQUIST,<br>EDWARD RIVERA,<br>RICARDO VARGAS,<br>WALBERTO COTTO JR.,<br>MIGUEL PEREZ,<br>JOSE BAHR,<br>GREGORY IAMARTINO,<br>WILLIAM SIMPSON, Defendants | : MAY 2, 2011<br>311CV714 JCH |

## COMPLAINT

### PARTIES

1. The Plaintiff, **GEORGE BROWN**, is a 75 year old resident of the State of Connecticut, living at 43 Washington Terrace, Bridgeport, Connecticut.

2. The Defendants, **IVAN J. CLAYTON, CARL BERGQUIST, EDWARD RIVERA, RICARDO VARGAS, WALBERTO COTTO JR., MIGUEL PEREZ, JOSE BAHR, GREGORY IAMARTINO, WILLIAM SIMPSON** are duly appointed officer of the Police Department of the City of Bridgeport, located at 300 Congress Street Bridgeport Connecticut, acting under color of law, to wit, under color of the

constitution, statutes, ordinances, regulations, policies, customs and usages of the State of Connecticut and/or City of Bridgeport.   The Defendants are sued in this action, however, in their individual capacity.

3.   At all times mentioned in the Complaint, the Defendants acted jointly and in concert with each other.  Each Defendant had a duty to prevent others from violating the constitutional rights of the Plaintiff and the Defendants Bergquist, Rivera, Vargas, Cotto Jr, Perez, Bahr, Iamartino and Simpson had a reasonable opportunity to prevent the Defendant Clayton from violating the Plaintiff's rights.   Despite this duty, and the opportunity to intervene, the Defendant Officers failed to intervene to protect the Plaintiff from the Defendant Officer Clayton, thereby proximately causing the injuries, losses and damages, hereinafter complained of.

**JURISDICTION**

4.   This is an action for money damages and other relief to redress the deprivation by the Defendants of rights secured to the Plaintiff by the Constitutions and laws of the United States and the State of Connecticut.   The Defendant Police Officers of the Bridgeport Police Department engaged in many acts/omissions of wrongful conduct against the Plaintiff, in violation of several of the Plaintiff's rights

under the Constitutions and laws of the United States and the State of Connecticut as set forth in more detail.

5. Jurisdiction of this Court is invoked under Title 28 and Sections 1983 and 1988 of Title 42 of the United States Code.

**FACTS**

6. On May 6, 2008, at approximately 4:40 p.m., Defendant Police Officer Ivan J. Clayton and the Defendant Officers Bergquist, Rivera, Vargas, Cotto Jr, Perez, Bahr, Iamartino and Simpson arrived at 41 Washington Terrace, Bridgeport, Connecticut, the residence of the Plaintiff, to execute a search and seizure warrant of 43 Washington Terrace.

7. At said time and place, the Plaintiff was outside on the front lawn sitting in a chair, accompanied by family members.

8. Defendant Officer Clayton approached the Plaintiff while he was seated in a lawn chair and proceeded to throw the Plaintiff from the chair to the ground face first, causing the Plaintiff to strike his head against a concrete walkway.

9. Defendant Officer Clayton then got on top of the Plaintiff and placed his

knee in the back of the Plaintiff while he cuffed the Plaintiff.

10. Defendant Officers Bergquist, Rivera, Vargas, Cotto Jr, Perez, Bahr, Iamartino and Simpson had a reasonable opportunity to prevent Defendant Officer Clayton from violating the Plaintiff's rights but stood by and failed to intervene to protect the Plaintiff.

11. As a direct and proximate result of the aforementioned acts of the Defendants, the Plaintiff suffered the following injuries and damages:

a. Violation of his constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from an unreasonable search and seizure of his person;

b. Right wrist contusion;

c. Head contusion;

d. Left shoulder rotator cuff tear requiring surgery;

e. Shock to his nervous system

12. The aforesaid injuries necessitated the Plaintiff to seek medical care and treatment. Some or all of the injuries sustained by the Plaintiff will be the source of continuing pain and disability, and will necessitate further care and treatment in the future.

13. As a result of his injuries, the Plaintiff has expended sums of money for medical care and treatment, and will incur further medical expenses in the future. Said expenditures have been and will continue to be to the Plaintiff's financial detriment.

14. As a further result of his injuries, the Plaintiff has experienced and will continue to experience physical pain and suffering as well as mental and emotional suffering and anxiety.

15. The actions of the Defendant Officer violated the clearly established and well settled constitutional rights of the Plaintiff:

    a. Freedom from the unreasonable seizure of his person;

    b. Freedom from the use of excessive, unreasonable and unjustified force against his person.

**Count I – 42 USC Section 1983**

1-15. Paragraphs 1-15 are incorporated herein by reference as though fully set forth as paragraphs 1-15 of Count I.

16. The Plaintiff was forced to endure serious injuries resulting in pain and suffering all of which required medical treatment, including but not limited to shoulder

surgery.

17. The Plaintiff claims damages for the injuries sustained in the course of the violation of his civil rights under 42 U.S.C. Section 1983 by Officer Ivan J. Clayton and Defendant Officers Bergquist, Rivera, Vargas, Cotto Jr, Perez, Bahr, Iamartino and Simpson.

18. Prior to May 6, 2008, The City of Bridgeport developed and maintained policies and customs exhibiting deliberate indifference to the constitutional rights of persons in Bridgeport, Connecticut, which caused the violation of the Plaintiff's rights.

19. It was the policy and/or custom of the City of Bridgeport to inadequately supervise and train its police officers including the Defendants Officers, thereby failing to adequately discourage further constitutional violations on the part of its police officers.

20. The policies and/or customs included:

    a. improper training and supervision in the area of critical incidents;

    b. improper supervision, investigation, and review of police officer behavior, and;

    c. improper deployment of departmental resources on a select few individuals who are members of the Bridgeport Police Narcotics

Team, thereby allocating insufficient resources to training all Officers on the use of and applicability of force.

21. As a result of the above described policies and customs, police officers of the City of Bridgeport, including the named Defendants, believed that their action would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated or covered up by the Department.

22. As a result of the acts and omissions of the Defendant officers the Plaintiff's constitutional rights were violated as alleged herein.

**WHEREFORE**, the Plaintiff requests that this Court:

1. Award compensatory damages to the Plaintiff against the Defendants, jointly and severally;
2. Award costs of this action to the Plaintiff;
3. Award reasonable attorney's fees;
4. Award such other relief as the Court deems proper.

THE PLAINTIFF HEREBY DEMANDS A JURY TRIAL.

The undersigned declares under penalty of perjury that he is the Plaintiff in the above action, that he has read the above complaint and that the information contained in the complaint is true and correct. U.S.C. § 1746; 18 U.S.C. § 1621.

THE PLAINTIFF

BY *[signature: Geo Brown]*
George Brown
43 Washington Terrace
Bridgeport CT 06604
(203) 650 -7992