UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| GEORGE BROWN, | : | CIVIL ACTION NO. |
| Plaintiff, | | 3:11-cv-00714 (JCH) |
| VS. | : | |
| IVAN J. CLAYTON, et al. | | |
| Defendants. | : | MAY 8, 2012 |

## OBJECTION TO MOTION FOR SANCTIONS

The defendants and defense counsel hereby object to the plaintiff's Motion for Sanctions filed May 6, 2012. Defense counsel apologizes in advance for the length of this Objection, the number of exhibits, and its involved discussion of the facts and circumstances surrounding discovery in this case; but plaintiff's counsel has made specific, unfounded accusations of unethical and professional conduct and requested that defense counsel be personally sanctioned for that conduct. It is therefore critical that defense counsel respond fully, and that this Court receive all the information relevant to plaintiff's counsel's claims.

## FACTUAL BACKGROUND

1. This lawsuit was brought by the plaintiff, George Brown, against individual officers of the Bridgeport Police Department pursuant to 42 U.S.C. § 1983. Mr. Brown claims that he was subject to a Fourth Amendment violation in that the defendants used excessive force during his arrest.

2. There are no other legal claims made against the defendants other than for excessive force, and no claims were brought against the City of Bridgeport pursuant to any theory of liability such as a "Monell" claim.

3. Officer Ivan Clayton is the primary defendant in this case, as he is the only Bridgeport police officer who had physical contact with Mr. Brown.

1

4. During the course of discovery, the plaintiff filed interrogatories and production requests on all of the defendants, including Officer Clayton. Officer Clayton responded to this discovery on March 12, 2012. <u>Exhibit A</u>, Defendant Clayton's Responses to Discovery.

5. Several of the defendant's responses were objections to discovery requests that were irrelevant to the plaintiff's claims. Plaintiff's counsel never followed up on these objections, tried to discuss them with defense counsel, or filed a motion to compel or other discovery motion with this Court.

6. On May 4, 2012, the parties conducted the depositions of the defendant officer Ivan Clayton and the plaintiff George Brown. <u>Exhibit B</u>, Transcript of Deposition of Ivan Clayton.[1]

**<u>ARGUMENT</u>**

As an initial matter, there are several deficiencies in the procedural posture of the plaintiff's Motion for Sanctions. Plaintiff's counsel skipped several important steps that parties are required to complete to resolve a discovery dispute, and instead went straight to the drastic recourse of attempting to sanction counsel for allegedly unethical conduct. This is unfair to defense counsel and improper under the rules of discovery.

The rules of discovery, including F.R.C.P. 37, require that counsel confer in good faith to attempt to resolve discovery disputes prior to filing a motion with the court to resolve that dispute. Plaintiff's counsel specifically represents to this Court that she did in fact attempt to confer with defense counsel prior to filing the Motion for Sanctions. Regrettably, this representation is false. Prior to filing the Motion for Sanctions on May 6, 2012, plaintiff's counsel never once attempted to confer with defense counsel in an attempt to resolve these

---

[1] This transcript is a "rough draft" received from the court reporter on an expedited basis so that defense counsel could respond to the Motion for Sanctions.

discovery disputes between the parties.[2] The specific description of each dispute identified in the plaintiff's Motion reveals that this is untrue.

Additionally, the Motion for Sanctions states that it is brought pursuant to F.R.C.P. 37(a)(4) and (5) and Local Rule 37 "against counsel for defendant Ivan Clayton, Attorney Betsy Edwards for her conduct at the deposition of defendant Officer Ivan Clayton…".[3] Both of these discovery rules provide the appropriate procedure to be followed by counsel when there is a discovery dispute during litigation. Those procedures include a motion for order with the court, including a motion to compel discovery or a similar motion as necessary. If the court enters an order on such a motion, sanctions in the form of attorney's fees may be appropriate if a party fails to comply with the court's order and further court intervention is required.

F.R.C.P. 37 and its local counterpart simply do not provide for the automatic imposition of sanctions for an alleged failure to comply with the rules of discovery in the first instance. It is undisputed that this Court has not entered any discovery order in this case, and that defense counsel has not violated any such order. The motion for sanctions is therefore unauthorized and unwarranted.

Plaintiff's Counsel's Motion for Sanctions raises several different discovery issues between the parties, which need to be explained fully for comprehension and context. The issues are identified and addressed as they were presented by plaintiff's counsel in the Motion for Sanctions.

A. "Schedule A to Re-Notice of Deposition"

---

[2] All relevant communications between counsel are referenced herein and attached as Exhibits. While some of the issues were mentioned, the unilateral and adversarial nature of the correspondence could in no way be interpreted as a good faith effort to resolve the disputes.
[3] It is not indicated that the Motion is brought pursuant to another standard such as Rule 11 or 28 U.S.C. § 1927.

1. During Officer Clayton's deposition, plaintiff's counsel, Attorney Sally Roberts, inquired why Officer Clayton had not brought certain documents to the deposition as requested in the notice of deposition.  Exhibit B, p. 8, ln. 18-25.

2. Officer Clayton replied that he did not personally have any such documents.  Id.

3. Attorney Edwards further stated that many of the documents requested had been objected to in the written discovery requests previously propounded on Officer Clayton.  Exhibit B, p. 9, ln. 1-20.

4. In response, Attorney Roberts stated only:  "We can take care of that at a later time."  Exhibit B, p. 9, ln. 21-22.  There was no further discussion, either on or off the record, about the documents; nor was there any written correspondence about the issue between counsel about that issue.

Plaintiff's counsel filed a motion for sanctions against defense counsel regarding the non-production of these documents without: attempting to resolve the issue in good faith; having any conversation at all with Attorney Edwards, either on or off the record, about the requested documents; putting an objection or note on the record about the issue; requesting an immediate conference with the court during the deposition for a ruling; asking that the deposition be left open pending receipt of the documents; indicating that she was prejudiced in her ability to ask questions; or attempting to postpone the deposition until the documents were obtained.  In short, other than saying that it would be addressed later, Attorney Roberts gave no indication that she was unable to properly proceed with the deposition.

Instead, without warning, Attorney Roberts filed a Motion for Sanctions against Attorney Edwards personally and has requested permission to re-depose Officer Clayton.  The Motion for Sanctions further states that "[t]he non-production of documents meant that much questioning of

the deponent obviously could not take place." Had defense counsel been aware that plaintiff's counsel would claim this degree of prejudice, and seek a second deposition of Officer Clayton, she certainly would not have allowed the deposition to proceed without a ruling on the issue from the Court. The deposition could have been postponed in order to resolve the issue, and the defendant would only be required to submit to one deposition as is contemplated by the discovery rules. Officer Clayton should not be forced to undergo another deposition simply because plaintiff's counsel neglected to indicate in any way that she would ask for that drastic a remedy.

Further, plaintiff's counsel was on notice that the defendants objected to the production of these documents, and could have attempted to resolve the issue before the deposition. The defendants unequivocally objected to the production of these files and records in response to written discovery, but plaintiff's counsel never attempted to address this objection prior to the deposition. Plaintiff's counsel never conferred with defense counsel about the reason for the objection, or otherwise tried to resolve it, and did not seek intervention by the Court.[4] Attorney Roberts was on notice that these documents were subject to an objection and were not going to be produced, and that was no surprise at the deposition.

Finally, it is inaccurate that "much of the questioning of the deponent" could not occur in the absence of these documents. The plaintiff's claim is excessive force only against Officer Clayton. There is no <u>Monell</u> claim for supervisory liability, failure to train, or another claim that could implicate personnel documents or training records. Attorney Roberts was not deprived of any information that she needed in order to question the deponent about the incident alleged in

---

[4] Notably, plaintiff's counsel did not seek court intervention on this point until very recently; after the deposition and just before filing the Motion for Sanctions.

the plaintiff's Complaint, and it would be unfair to the defendant to give her another opportunity to depose him on those issues.

B. "Preliminary Query to Deponent as to Medications"

In the Motion for Sanctions, Attorney Roberts claims that Attorney Edwards' conduct at the deposition was an "outrage" because she instructed Officer Clayton not to answer a question asking whether he was on medications, but then asked Mr. George "the very same question and expects the deponent to answer." Attorney Roberts then states that she was "entitled to inquire as to whether the deponent is under the influence of any medications that might affect his ability to testify at the deposition", but that Attorney Edwards "would not allow the deponent to answer."

This is a demonstrably false description of what actually occurred at the depositions, and Attorney Roberts has made two material misrepresentations to this Court about what occurred. First, Attorney Edwards did **not** instruct Officer Clayton not to answer the "standard" question about whether his testimony might be influenced by any medications:

| | |
|---|---|
| Attorney Roberts: | Let me ask you, are you on any medication? Did you take any medication today? |
| Attorney Edwards: | You don't have to answer that question. That's HIPAA protected. He's not answering that. |
| Attorney Roberts: | Are you under the influence of any medications that would affect your ability to answer truthfully any of the questions that I'm posing to you today? |
| Attorney Edwards: | That you can answer. |
| Officer Clayton: | No. |

6

<u>Exhibit B</u>, p. 22, ln. 21 to p. 23, ln. 6.  Second, Attorney Edwards never asked the plaintiff whether he was taking "any medication" as represented by Attorney Roberts in the Motion for Sanctions:

| | |
|---|---|
| Attorney Edwards: | What medicine do you take for this incident for the injuries that you received from this incident? |
| Mr. Brown: | A number of pills.  Stuff like that. |
| Attorney Edwards: | For pain? |
| Mr. Brown: | Yeah. |
| Attorney Edwards: | Do those pills make you drowsy or confused or unable to testify accurately? |
| Mr. Brown: | No. |

<u>Exhibit C</u>, Deposition Excerpt of George Brown.

Attorney Roberts' characterization of Attorney Edwards' "outrageous" conduct is therefore simply untrue.  The misrepresentations are even more disturbing because Attorney Edwards specifically put Attorney Roberts on notice that her representations to this Court were false, and requested that Attorney Roberts withdraw her Motion.  <u>Exhibit H</u>, Email from Attorney Edwards to Attorney Roberts dated May 7, 2012.  Attorney Edwards also for the second time asked Attorney Roberts if they could try not to engage in unnecessarily aggressive adversarial tactics.  <u>Exhibit H</u>.  Attorney Roberts did not respond to either the request to withdraw the Motion or Attorney Edwards' attempt to defuse the growing conflict between counsel.

Finally, counsel for both parties have now had a chance to review the deposition transcript of Officer Clayton, prompting Attorney Edwards to send yet another email to Attorney Roberts asking that she withdraw the Motion for Sanctions based on the evidence in the

transcript.[5]  Exhibit I.  For the third time, Attorney Edwards asked that Attorney Roberts avoid the necessity of calling attention to her misrepresentations and unfounded allegations of improper conduct.  Exhibit I.  To date, Attorney Roberts has not responded to this email.

    C. "Excessive Blatant Coaching of the Witness by Attorney Edwards"

The Motion for Sanctions represents to this Court that "[a]fter nearly every question asked by undersigned, Ms. Edwards interjected 'if you recall' and then Mr. Clayton responded 'he did not recall'.  The inevitable result was that Mr. Clayton recalled little more than his name (and barely even that!) so the deposition was rendered meaningless and useless."

Again, this is simply a false statement of what occurred at the deposition.  Attorney Edwards interjected "if you recall" after exactly **one** question by Attorney Roberts during the entire deposition.  Exhibit B, p. 11, ln. 18-21.  Officer Clayton testified without interruption about the incident alleged in the Complaint and his involvement with that incident.  Respectfully, to the extent the deposition was "meaningless and useless", it was because plaintiff's counsel apparently by choice conducted an extremely cursory examination of Officer Clayton about the incident.[6]

As described previously herein, Attorney Roberts was on notice from Attorney Edwards and by a review of the transcript that her representations about coaching of the witness were untrue, yet nevertheless has refused to withdraw her Motion for Sanctions.

    D. "Omission from Discovery Compliance of Reports Prepared by Mr. Clayton"

---

[5] Attorney Roberts has undoubtedly reviewed Officer Clayton's transcript, as she filed it with this Court as an exhibit after filing the Motion for Sanctions.

[6] Defense counsel posits that it is for this reason that plaintiff's counsel has filed this motion and is requesting another deposition of Officer Clayton.

1. During discovery, the defendants produced Bridgeport Police Department records of the plaintiff's arrest. For an unknown reason, some of the documents were headed with a notation of "FILE MISSING". <u>Exhibit D</u>, Bridgeport Police Department Record.

2. The notation is part of the printed Bridgeport Police Department document, and was not made by defense counsel or for purposes of litigation. It simply appears to be part of the document, but its reason for being there is at this point undetermined.

3. Prior to Officer Clayton's deposition, Attorney Roberts had never inquired about the reason for the "FILE MISSING" notation or asked whether it had anything to do with this lawsuit. Attorney Roberts further never discussed any potentially missing documents from defendants' discovery compliance.

4. At Officer Clayton's deposition, Attorney Roberts asked Attorney Edwards at Officer Clayton's deposition why the document stated "FILE MISSING". Attorney Edwards responded "I honestly don't know. I see that it says that." <u>Exhibit B</u>, p. 20, ln. 1-6.

5. Attorney Roberts then marked as an exhibit at the deposition a three page document signed by Officer Clayton that she had received from some other unknown source, but that was not produced in the defendants' discovery compliance. <u>Exhibit F</u>, Clayton Report.

6. Attorney Roberts had apparently concluded from the "FILE MISSING" notation and the fact that she had not received <u>Exhibit F</u> in discovery compliance that there were documents missing from her copy of the report.

7. In response to this potential problem, defense counsel checked the file immediately after the deposition and discovered that she had accidentally omitted <u>Exhibit F</u> from the defendants' discovery compliance.

8. On May 6, 2012, which was a Sunday morning, Attorney Roberts sent defense

counsel an email demanding an explanation as to why the Bridgeport Police Department document stated at the top "FILE MISSING". <u>Exhibit E</u>, Email from Attorney Roberts to Attorney Edwards dated May 6, 2012.

9. Attorney Roberts also threatened Attorney Edwards with a motion for sanctions on the grounds that Attorney Edwards intentionally withheld <u>Exhibit F</u> from discovery compliance. <u>Exhibit E</u>.

10. Attorney Edwards replied that she was not sure about the "FILE MISSING"; but that she realized after the depositions that she had accidentally omitted the three page report from the discovery compliance, and apologized for the inadvertent omission. <u>Exhibit G</u>, Email from Attorney Edwards to Attorney Roberts dated May 6, 2012.

11. Attorney Edwards also warned Attorney Roberts that the allegations of intentional misconduct were unjustified and unprofessional, and asked that both counsel refrain from making such accusations in the future. <u>Exhibit G</u>.

12. The "FILE MISSING" and the fact that defense counsel accidentally omitted a document from compliance are unconnected.

Without any good faith basis to do so, Attorney Roberts' Motion labels defense counsel's explanation for the omission from discovery production "lame" and directly questions Attorney Edwards' truthfulness "given the entire tenor of Attorney Edwards [sic] subterfuge and obstructionist tactics throughout the deposition."

These are strong accusations of professional and unethical misconduct, made without any good faith basis in fact. It is unreasonable for Attorney Roberts to simply assume that defense counsel's omission of a document from discovery compliance was done intentionally for the purposes of obstructing discovery, and then to conclude that defense counsel's explanation of the

omission is a lie.[7]  Further, Attorney Roberts' conclusion that "[t]he result of all the obstructionist tactics articulated above was that the deposition of Ivan Clayton was a complete waste of time" is unfounded.  Prior to the deposition, Attorney Roberts apparently already had in her possession the Exhibit F that was omitted from discovery; and while defense counsel regrets and apologizes for the mistake, plaintiff's counsel was obviously not prejudiced by it during the deposition since she actually had the document.

**CONCLUSION**

The number of misrepresentations and outright untruths in the Motion for Sanctions is unsettling and unfair to defense counsel, who was personally identified and falsely accused in this public document of engaging in unprofessional conduct.  It is apparent that plaintiff's counsel realized after Officer Clayton's deposition that her questioning of the defendant was incomplete and ineffective, and is attempting to characterize this as Attorney Edwards' fault in an attempt to get an undeserved second bite at the apple.  This should not be permitted.

In closing, defense counsel hopes this Court understands that she is normally loath to file this type of pleading about another attorney, and wishes that she did not have to point out the many inaccuracies, misrepresentations, and untruths in the Motion for Sanctions.  Defense counsel implored plaintiff's counsel on multiple occasions to avoid this unpleasantness, with no response or reply at all to her attempt to civilize the relationship.[8]  Defense counsel is not,

---

[7] Aside from Attorney Edwards' express representations, it is obvious that the omission of the document was an error and not an intentional attempt to conceal evidence.  The document does not contain a narrative or any other reference or description to the alleged excessive force or to Mr. Brown's arrest specifically.  Even if the defendants were inclined to engage in the unethical practice of withholding documents, the tangential relevance of this particular document would make that act pointless.

[8] Defense counsel has put Attorney Roberts on notice pursuant to Rule 11 and 28 U.S.C. § 1927 that she intends to file a motion for sanctions herself based on the misrepresentations in the plaintiff's Motion for Sanctions.  Exhibit J.  Defense counsel was unnecessarily required to spend at least six hours of time gathering documents, researching, and responding to this unfounded Motion for Sanctions.

however, going to passively permit plaintiff's counsel's improper attempts to influence this Court and impugn defense counsel's reputation for professionalism and veracity. Unfortunately, this Objection is therefore necessary to avoid that result.

**THE DEFENDANTS**

BY: _____/s/_____
Betsy A. Edwards, Esq.
Office of the City Attorney
999 Broad Street, 2nd Floor
Bridgeport, CT 06604
Tel:  203.576.7647
Fax:  203.576.8252
Email: Betsy.Edwards@bridgeportct.gov
Fed. Bar. No. ct 27820
*Attorney for all defendants*

**CERTIFICATE OF SERVICE**

On the date above stated, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

_____/s/_____
Betsy A. Edwards