```
                  UNITED STATES DISTRICT COURT
                    DISTRICT OF CONNECTICUT

GEORGE BROWN                    :
                                :
                                :
v.                              :   CIV. NO. 3:11CV714 (JCH)
                                :
OFFICER IVAN J. CLAYTON, ET AL:
```

RULING ON PENDING DISCOVERY MOTIONS

Plaintiff brings this civil rights action pursuant to 42 U.S.C. §1983, alleging excessive force and unreasonable search and seizure in violation of the United States Constitution. [Compl. Doc. #1]. Defendants are police officers for the City of Bridgeport. Pending is plaintiff's Motion for Sanctions [Doc. #34, 36], on which oral argument was held May 31. On July 11, defendants' Motion to Compel and/or Preclude Expert Disclosures was referred and is considered below. [Doc. #48].

Plaintiff's Motion for Sanctions [Doc. #34, 36]

Plaintiff moves pursuant to Fed. R. Civ. P. 37(a)(4) and (5) for an order sanctioning defendants' counsel, Betsy Edwards, for her conduct at the May 4, 2012 deposition of Officer Ivan Clayton, including defendants' failure to produce requested Schedule A documents for the deposition. [Doc. #34]. On May 6, 2012, plaintiff supplemented the motion and provided a copy of

1

the deposition transcript for the Court's consideration. [Doc. #36].  In addition to attorney's fees and costs, plaintiff seeks an order that defendants produce all the documents requested in Schedule A and an order to continue the deposition of Officer Clayton within one week of the production of the Schedule A documents.  For the reasons stated below, plaintiff's Motion for Sanctions **[Doc. #34 and 36]** is **DENIED**.

Federal Rule of Civil Procedure 37(a)(2) provides in pertinent part that

> (A) [i]f a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions . . . .  The motion must include a certification that the movant has in good faith attempted to confer with the person or party failing to make the discovery in an effort to secure the information or material without court action.

Fed. R. Civ. P. 37; see Daval Steel Products, a Div. of Francosteel Corp. v. M/V Fakredine, 951 F.2d 1357, 1364 (2d Cir. 1991) (stating that "Rule 37(a) clearly envisions some judicial intervention between a discovery request and the imposition of sanctions").

Local Rule 37 provides, in pertinent part, that

> [n]o motion pursuant to Rules 26 through 37, Fed. R. Civ. P., shall be filed unless counsel making the motion has conferred with opposing counsel and discussed the discovery issues between them in detail in a good

>faith effort to eliminate or reduce the area of controversy, and to arrive at a mutually satisfactory resolution.

D. Conn. L. Civ. R. 37(a)(2); see Travelers Indem. Co. v. Metropolitan Life Ins. Co., 228 F.R.D. 111, 115 (D. Conn. 2005).

The meet-and-confer requirement mandates that:

>[Parties must] meet, in person or by telephone, and make a genuine effort to resolve the dispute by determining . . . what the requesting party is actually seeking; what the discovering party is reasonably capable of producing that is responsive to the request; and what specific genuine issues, if any, cannot be resolved without judicial intervention.

Messier v. Southbury Training School, No. 3:94-CV-1706, 1998 WL 841641, *3 -4 (D. Conn. 1998) (quoting Deckon v. Chidebere, No. 93Civ7845 (LMM)(BAL), 1994 WL 494885, at *5 (S.D.N.Y. Sept. 9, 1994)). Plaintiff did not comply with the "meet and confer" requirement nor has plaintiff propounded a reasonable explanation for why he should be excused from complying with Rule 37(a)(2) and Local Rule 37(a)(2)[1].

---

[1] "Courts have excused a failure to meet and confer in situations where to do so would be clearly futile, or exigent time constraints mandate immediate action." Excess Ins. Co., Ltd. v. Rochdale Ins. Co., 05 CIV. 10174, 2007 WL 2900217 (S.D.N.Y. Oct. 4, 2007)(citations omitted).

3

The failure to follow the meet and confer requirement is a sufficient basis for denying the motion for sanctions[2]. <u>Myers v. Andzel</u>, 06 CIV. 14420 (RWS), 2007 WL 3256865 (S.D.N.Y. Oct. 15, 2007)(denying plaintiff's motion under Fed. R. Civ. P. 37 because plaintiff failed to meet and confer with defendant).

Any effort to renew the motion to compel production of documents on Schedule A and/or to continue the deposition of defendant Clayton must comply with Fed. R. Civ. P. 37(a)(2) and D. Conn. L. Civ. R. 37(a)(2).  The parties will contact the Court to schedule a discovery conference before filing any further discovery motions on this issue.

Accordingly, plaintiff's Motion for Sanctions **[Doc. #34 and 36]** is **DENIED**.

<u>Defendants' Motion to Compel and/or Preclude Plaintiff's Expert Disclosures [Doc. #48]</u>

Defendants move for an order compelling plaintiff to produce expert reports pursuant to Fed. R. Civ. P. 26(a)(2)(B) and the Court's case management order or, in the alternative, to preclude plaintiff from offering expert testimony at trial.  The

---

[2] The Court cautions the parties that "[f]ailure to hold a good faith conference is ground for the award of attorney's fees and other sanctions." <u>Krishnakumar v. Dunkin' Donuts, Inc.</u>, 00CIV.1755(WHP)(DFE), 2000 WL 1838319, *1 (S.D.N.Y. Dec. 12, 2000)(citing 28 U.S.C. § 1927; <u>Apex Oil Co. v. Belcher Co.</u>, 855 F.2d 1009, 1019-20 (2d Cir.1988).

scheduling order required that plaintiff disclose his expert's reports on or before April 15, 2012. Defendants were required to depose plaintiff's experts within thirty days thereafter.  [Doc. #22].  On May 7, 2012, plaintiff disclosed Richard Siena, an expert witness in police practices. [Doc. #48].  On May 14 and 17, 2012, respectively, plaintiff disclosed treating physicians Dr. Katz and Dr. Gladstein.  [Doc. #48].

No expert reports were provided with these disclosures. Defense counsel notified plaintiff on May 8 and May 16 that defense counsel believed plaintiff's expert disclosures to be inadequate under Fed. R. Civ. P. 26(a) and Judge Hall's Scheduling Order Regarding Case Management Plan [Doc. #22 at 1].

Federal Rule of Civil Procedure Rule 26(a)(2)(B) provides, in pertinent part,

> Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report--prepared and signed by the witness--if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony. The report must contain:
>
> **(i)** a complete statement of all opinions the witness will express and the basis and reasons for them;
> **(ii)** the facts or data considered by the witness in forming them;
> **(iii)** any exhibits that will be used to summarize or support them;

5

Fed. R. Civ. P. 26(a)(2)(B)(i-iii)

Judge Hall's Scheduling Order [Doc. #22] mandates that,

> [a]n expert witness is anyone, including a treating physician, who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. Unless otherwise ordered, a party intending to call such a witness must disclose a report signed by the witness containing the information required to be disclosed by Fed. R. Civ. P. 26(a)(2)(B).

[Doc. #22 at 1]

Accordingly, plaintiff will provide the required expert reports within fourteen days or these witnesses will be precluded from offering expert testimony at trial. The parties are encouraged to meet and confer pursuant to Rules 37(a)(1). Any request for an extension of time must be made before the deadline expires and must be made pursuant to D. Conn. L. Civ. R. 7[3]. Counsel will contact the Court to schedule a conference prior to filing any further discovery motions on this issue.

---

[3] D. Conn. L. Civ. R. 7(b)(3) states in relevant part

> "[a]ll motions for extensions of time, whether for consideration by the Clerk or a Judge, shall include a statement of the moving counsel that (1) he or she has inquired of opposing counsel and there is agreement or objection to the motion, or that (2) despite diligent effort, he or she cannot ascertain opposing counsel's position."

D. Conn. L. Civ. R. 7(b)(3)

6

Thus, defendants' Motion to Compel **[Doc. #48]** is **GRANTED**. Defendants' Motion to Preclude **[Doc. #48]** is **DENIED** at this time.

This is not a recommended ruling.  This is a discovery ruling and order which is reviewable pursuant to the "clearly erroneous" statutory standard of review.  28 U.S.C. § 636 (b)(1)(A); Fed. R. Civ. P. 6(a), 6(e) and 72(a); and Rule 2 of the Local Rules for United States Magistrate Judges.  As such, it is an order of the Court unless reversed or modified by the district judge upon motion timely made.

SO ORDERED at Bridgeport this 31st day of July 2012.


___/s/_____
HOLLY B. FITZSIMMONS
UNITED STATES MAGISTRATE JUDGE