UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

GEORGE BROWN                       :
                                   :
                                   :
v.                                 :   CIV. NO. 3:11CV714 (JCH)
                                   :
OFFICER IVAN J. CLAYTON[1]         :


ORDER

This action, brought pursuant to 42 U.S.C. §1983, is before the Court on defendant's oral request to impose sanctions and to strike pleadings. In lieu of filing a Rule 11 Motion, defendant's counsel sought a conference with the undersigned, which was held on February 21, 2013, in an effort to mediate a resolution short of Rule 11 litigation. This order is an effort by the Court to resolve the situation created by plaintiff's counsel and does not represent a finding for purposes of Fed. R. Civ. P. 11.

Defendant asks the Court to impose significant sanctions due to the allegations directed against defendant's counsel.  In support, defendant provided a letter dated February 19, 2013, citing to pleadings, and attaching letters and emails from

---

[1]A Stipulation of Dismissal was filed on February 5, 2013, dismissing the claims against the other defendants. [Doc. #78].

1

plaintiff's counsel containing accusations about defense

counsel's conduct during this litigation.

Currently Filed Documents

Defendant directs the Court to pleadings filed on CM-ECF,

and publically available, containing "irrelevant and false

accusations about defense counsel's conduct during this

litigation." [Def. Let. 2/19/13 at 3].  The Court has reviewed

plaintiff's Motion for Sanctions [Doc. ##34, 36, 39]; Memorandum

in Support of the Motion to Quash [doc. #71-1]; Motion to Compel

[doc. #75]; and Motion for Extension of Time [doc. #80]. The

pleadings contain language directed toward defendant's counsel

that is abusive, inappropriate, unwarranted and unprofessional.

The record shows that there has been an unfortunate breakdown of

the professional relationship normally expected between

attorneys.  "In an adversarial proceeding, clients are litigants

and though ill feeling may exist between clients, such ill

feeling should not influence a lawyer in his conduct, attitude,

and demeanor towards opposing lawyers."  Thomas v. Tenneco

Packaging Co. Inc., 293 F.3d 1306, 1323   (11th Cir. 2002)  Such

tactics only serve to interfere with the "orderly administration

of justice and have no proper place in our legal system."  Id.

While stress and frustration often accompanies the

litigation process, the language employed by plaintiff's

2

Counsel, Attorney Sally Roberts, cannot be justified. Nor can the unsubstantiated attacks on the personal integrity, ethics and character of defense counsel exhibited in the challenged pleadings.

It is never appropriate to include accusations and personal attacks against opposing counsel in a pleading. The Federal Rules of Civil Procedure provide a mechanism to address issues arising out of an attorney's conduct. The proper course for perceived discovery abuses would have been for plaintiff to seek a protective order under Federal Rule of Civil Procedure 26(c), and/or request a conference with the Court to mediate discovery disputes and provide case management.  See Doc. #55 at 6. Motions filed with the Court are a vehicle for the articulation of specific facts and law that support a party's position relevant to a case. Such filings, however, are not meant to be a vehicle through which attorneys, clients and witnesses emote, let off steam, or otherwise sling mud at an adversary.

At the February 21 conference, the parties expressed a desire to resolve this issue short of Rule 11 litigation through mediation. Indeed, Attorney Roberts offered an apology to the Court and defense counsel and assured that Court that she will not include accusations against defendant's counsel in future pleadings. Accordingly, Court is left to fashion a remedy in a

3

situation where pleadings are not sealed, have been public for some time and continue to remain public.

During the conference, Attorney Roberts agreed to provide an apology, retracting all of the statements contained in the pleadings that reference defendant's counsel.  In the letter of apology, Attorney Roberts shall acknowledge the inappropriateness of her personal attacks and express remorse for injecting such attacks into this case.

Attorney Roberts will provide her letter of apology to defendant's counsel within seven days with a copy to the Court.

Defense counsel retains the right to file a Rule 11 Motion. Since Attorney Roberts' conduct needlessly multiplied the litigation, defendants may file a Motion for Costs.

Pursuant to the Court's inherent power, the Clerk of the Court is ordered to strike Doc. ##34, 71, 75 and 80 in their entirety as "immaterial, impertinent, or scandalous."  Fed. R. Civ. P. 12(f)(1).

Filing of Future Pleadings

Plaintiff's counsel is cautioned that she will be sanctioned for any future abuse. Sanctions may include, but will not necessarily be limited to, including the striking of any submission containing abusive language. This case is almost

4

trial ready. Plaintiff complied with Judge Hall's Pretrial Order
on March 6, 2013. [Doc. #95-101].

Based on this record, all future pleadings submitted by
plaintiff in this matter will be reviewed by the Court and their
filing will be permitted only after review.

It is HEREBY ORDERED that plaintiff file a Motion for
Permission to File and append a SEALED copy of any proposed
pleading for the Court's review prior to filing any future
pleadings.  After review, the Court will direct the Clerk of the
Court to docket the pleading, if appropriate.

The Court has approached this matter with regret that
counsel did not seek the Court's intervention at an earlier
stage. Courts are understandably reluctant to impose sanctions
and participate in Rule 11 litigation. However, if this matter
cannot be settled through mediation, the Court will enter a
scheduling order and hear the parties on Rule 11 sanctions. An
attorney's reputation should not be lightly or carelessly
besmirched and an attorney subjected to such a public attack
must be able to seek the Court's protection when efforts to
resolve a dispute are unsuccessful.

This is not a recommended ruling.  This is a discovery
ruling and order which is reviewable pursuant to the "clearly
erroneous" statutory standard of review.  28 U.S.C. § 636

(b)(1)(A); Fed. R. Civ. P. 6(a), 6(e) and 72(a); and Rule 2 of the Local Rules for United States Magistrate Judges.  As such, it is an order of the Court unless reversed or modified by the district judge upon motion timely made.

    SO ORDERED at Bridgeport this 8th day of April 2013.


                        _____/s/_____
                        HOLLY B. FITZSIMMONS
                        UNITED STATES MAGISTRATE JUDGE