```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

GEORGE BROWN                    :
                                :
                                :
v.                              :   CIV. NO. 3:11CV714 (JCH)
                                :
OFFICER IVAN J. CLAYTON¹        :
```

RULING ON PENDING DISCOVERY MOTIONS

Plaintiff brings this civil rights action pursuant to 42 U.S.C. §1983, alleging excessive force and unreasonable search and seizure in violation of the United States Constitution. [Compl. Doc. #1]. Defendant Ivan Clayton is a police officer for the City of Bridgeport. Pending is plaintiff's Motion to Quash [Doc. #74] and Motion to Compel. [Doc. #75]. A discovery conference was held on February 21, 2013.

Plaintiff's Motion to Quash [Doc. #74]

Plaintiff moves pursuant to Fed. R. Civ. P. 45(c)(3)(A)(iii) to Quash the Subpoena Duces Tecum served on non-party Markle Investigations, Inc. in connection with a deposition scheduled for February 7, 2013, on the grounds of attorney work product privilege. The parties have not reviewed the documents that are the subject of this motion.  The

---

¹A Stipulation of Dismissal was filed on February 5, 2013, dismissing the claims against the other defendants. [Doc. #78].

1

privilege is being asserted by Attorney Frank J. Riccio, II, plaintiff's former counsel.

It is HEREBY ORDERED that,

Markle Investigations, Inc. will provide the following documents responsive to the January 24, 2013, Notice of Deposition to the Court for <u>in camera</u> review within seven (7) days.

1. Every file in the possession or control of Markle Investigations, Inc., or that can be retrieved with reasonable efforts by Markle Investigations, Inc., relating to the above-captioned case and/or the above described warrant service;

2. All materials and data in any form in the possession or control of any agent, servant or employee of Markle Investigations, Inc. or that can be retrieved with reasonable efforts by Markle Investigations, Inc., whether or not kept in a specific "file" on this matter, that relate in any way to the above-captioned case and the above-described warrant service, including but not limited to any written or email correspondence with any person; statements; text messages or other electronic communications with any person; notes; all documents provided from any source; photographs; audio/video recordings; other electronic media or data; billing records; time sheets; other financial documentation, drafts, outlines, or any other documents, whether kept in paper copy or electronic format, not specifically referenced herein that relates in any way to the above-captioned case and/or the above-described warrant service.

Defendant's counsel will serve this order on Markle Investigations, Inc. and provide a copy of this order to

Attorney Riccio.  Any objection to this order may be raised by Markle Investigations, Inc. through its counsel.  In light of the assertion of privilege by Attorney Riccio, if he has information to provide to the Court regarding the circumstances under which he retained Markle Investigations, Inc., he may contact the Court.  The Court will decide the Motion to Quash based on an <u>in camera</u> review and any further proceedings.

Accordingly, a ruling on the Motion to Quash **[Doc. #74]** is **RESERVED.**

<u>Plaintiff's Motion to Compel Discovery Compliance Against Defendant Ivan Clayton [Doc. #75]</u>

Plaintiff seeks an order compelling defendant to produce documents responsive to Request for Production No. 10 dated January 10, 2012 and in Schedule A to the Re-notice of deposition ("Schedule A"), dated April 24, 2012. **[Doc. #75].** For the reasons that follow, the Court finds that plaintiff waived his right to file a motion to compel, pursuant to Judge Hall's Standing Order [doc. #22 at 2], and for the reasons stated in the Court's July 12, 2013 ruling, [doc. #55].

Judge Hall's Scheduling Order [Doc. #22] mandates that,

> Any motion for an order compelling disclosure or discovery pursuant to Fed. R. Civ. P. 37(a) must be filed within 30 days after the due date of the response. **Failure to file a timely motion in accordance with this scheduling order**

3

> **constitutes a waiver of the right to file a motion to compel.**

[Doc. #22 at 2 (bold in original)].

On this record, plaintiff failed to file a timely Motion to Compel a response to request for production No. 10 dated January 10, 2012, and a response to Schedule A dated April 24, 2012, within thirty days after the due date of defendant's response.

Plaintiff also failed to comply with the meet and confer requirements set forth in Fed. R. Civ. P. 37(a)(2), D. Conn. L. Civ. R. 37(a)(2); and the Court's ruling dated July 31, 2012. [Doc. #55].[2]

---

[2] Federal Rule of Civil Procedure 37(a)(2) provides in pertinent part that

> (A) [i]f a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions . . . . The motion must include a certification that the movant has in good faith attempted to confer with the person or party failing to make the discovery in an effort to secure the information or material without court action.

Fed. R. Civ. P. 37.

Local Rule 37 provides, in pertinent part, that

> [n]o motion pursuant to Rules 26 through 37, Fed. R. Civ. P., shall be filed unless counsel making the motion has conferred with opposing counsel and discussed the discovery

The meet-and-confer requirement mandates that:

> [Parties must] meet, in person or by telephone, and make a genuine effort to resolve the dispute by determining . . . what the requesting party is actually seeking; what the discovering party is reasonably capable of producing that is responsive to the request; and what specific genuine issues, if any, cannot be resolved without judicial intervention.

Messier v. Southbury Training School, No. 3:94-CV-1706, 1998 WL 841641, at *3 -4 (D. Conn. 1998) (quoting Deckon v. Chidebere, No. 93Civ7845 (LMM)(BAL), 1994 WL 494885, at *5 (S.D.N.Y. Sept. 9, 1994)). The failure to follow the meet and confer requirement is a sufficient basis for denying the motion to compel.[3] Myers v. Andzel, 06 CIV. 14420 (RWS), 2007 WL 3256865 (S.D.N.Y. Oct. 15, 2007)(denying plaintiff's motion under Fed. R. Civ. P. 37 because plaintiff failed to meet and confer with defendant).

The July 12, 2012 ruling contains the following order.

---

> issues between them in detail in a good faith effort to eliminate or reduce the area of controversy, and to arrive at a mutually satisfactory resolution.

D. Conn. L. Civ. R. 37(a)(2). See [Doc. #55 at 2-4].

[3] The Court cautions the parties that "[f]ailure to hold a good faith conference is ground for the award of attorney's fees and other sanctions." Krishnakumar v. Dunkin' Donuts, Inc., 00CIV.1755(WHP)(DFE), 2000 WL 1838319, *1 (S.D.N.Y. Dec. 12, 2000)(citing 28 U.S.C. § 1927; Apex Oil Co. v. Belcher Co., 855 F.2d 1009, 1019-20 (2d Cir.1988)).

> Any effort to renew the motion to compel production of documents on Schedule A . . . must comply with Fed. R. Civ. P. 37(a)(2) and D. Conn. L. Civ. R. 37(a)(2). The parties will contact the Court to schedule a discovery conference before filing any further discovery motions on this issue.

[Doc. #55 at 3].

With regard to request for production No. 10, plaintiff did not comply with the "meet and confer" requirement under Fed. R. 37(a)(2) and D. Conn. L. Civ. R. 37(a)(2), nor has plaintiff propounded a reasonable explanation for why he should be excused from complying with Rule 37(a)(2) and Local Rule 37(a)(2)[4].

Moreover, this is the second time that plaintiff has sought the Court's intervention to order production of documents requested in Schedule A. Plaintiff did not file an objection to the Court's July 12, 2013 ruling. In renewing the Motion to Compel documents requested in Schedule A, plaintiff has failed to comply with the Court's July 12 order prior to filing this motion and has offered no valid reason for failing to do so.

---

[4] "Courts have excused a failure to meet and confer in situations where to do so would be clearly futile, or exigent time constraints mandate immediate action." Excess Ins. Co., Ltd. v. Rochdale Ins. Co., 05 CIV. 10174, 2007 WL 2900217 (S.D.N.Y. Oct. 4, 2007)(citations omitted).

6

Accordingly, plaintiff's Motion to Compel **[Doc. #75]** is **DENIED**.

### Color Booking Photos

Defendant agreed to provide color booking photos of plaintiff listed on defendant's exhibit list to plaintiff's counsel within seven days.

### Further Discovery Requests

Plaintiff's request for a copy of defendant Clayton's personnel file, disciplinary file and civilian complaints, and Bridgeport Policy Department Policy and Procedure Manual and Use of Force Policy is DENIED as waived. The Court finds that plaintiff has failed to propound a reasonable explanation for why he should be excused from complying with Rule 37(a)(2) and Local Rule 37(a)(2) or this Court's order.

### CONCLUSION

The Court **RESERVES** decision on plaintiff's Motion to Quash **[Doc. #74]** until after an in camera review of the documents responsive to the Markle Investigations Inc. subpoena dated January 24, 2013.

Plaintiff's Motion to Compel **[Doc. #75]** is **DENIED**.

7

Counsel are encouraged to contact the Court to schedule a conference as issues arise.

This is not a recommended ruling. This is a discovery ruling and order which is reviewable pursuant to the "clearly erroneous" statutory standard of review. 28 U.S.C. §636(b)(1)(A); Fed. R. Civ. P. 6(a), 6(e) and 72(a); and Rule 2 of the Local Rules for United States Magistrate Judges. As such, it is an order of the Court unless reversed or modified by the district judge upon motion timely made.

SO ORDERED at Bridgeport this 8th day of April 2013.


_____/s/_____
HOLLY B. FITZSIMMONS
UNITED STATES MAGISTRATE JUDGE