UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

GEORGE BROWN                    :
                                :
                                :
v.                              :   CIV. NO. 3:11CV714 (JCH)
                                :
OFFICER IVAN J. CLAYTON, ET AL:


**RULING ON MOTION IN LIMINE [DOC. #85] AND MOTION TO EXTEND SCHEDULING ORDER [DOC. #132]**

Plaintiff brings this civil rights action pursuant to 42 U.S.C. §1983, alleging excessive force and unreasonable search and seizure in violation of the United States Constitution. [Compl. Doc. #1]. Defendants are police officers for the City of Bridgeport.  Pending is defendants' Motion in Limine to preclude plaintiff from offering medical evidence or testimony at trial [doc. #85], and plaintiff's Motion for Scheduling Order [doc. #132] to extend the schedule to permit plaintiff to serve expert reports and defendant to take expert depositions of those experts. For the reasons that follow, defendants' Motion in Limine **[Doc. #85] is GRANTED** and plaintiff's Motion to Extend Scheduling Order [**Doc. #132] is DENIED.**

On July 31, 2012, this Court granted defendants' Motion to Compel and/or Preclude plaintiff's expert disclosures pursuant to Fed. R. Civ. P. 26(a)(2)(B) and Judge Hall's case management

1

order. [Doc. #55].  As set forth in the ruling, Judge Hall's
scheduling order required that plaintiff disclose his experts'
reports on or before April 15, 2012. On March 28, 2012, Judge
Hall extended the time for plaintiff to disclose his experts to
May 20, 2012. [Doc. #32]. Defendants were required to depose
plaintiff's experts thirty days thereafter.  [Doc. #22].

On May 7, 2012, plaintiff disclosed Richard Siena, an
expert witness in police practices. [Doc. #48].  On May 14 and
17, 2012, respectively, plaintiff disclosed treating physicians
Dr. Katz and Dr. Gladstein.  [Doc. #48].  No expert reports were
provided with these disclosures.  Defense counsel notified
plaintiff on May 8 and May 16 that defense counsel believed
plaintiff's expert disclosures to be inadequate under Fed. R.
Civ. P. 26(a) and Judge Hall's Scheduling Order Regarding Case
Management Plan [Doc. #22 at 1].

Federal Rule of Civil Procedure Rule 26(a)(2)(B) provides,
in pertinent part,

> Unless otherwise stipulated or ordered by the
> court, this disclosure must be accompanied by a
> written report--prepared and signed by the
> witness--if the witness is one retained or
> specially employed to provide expert testimony
> in the case or one whose duties as the party's
> employee regularly involve giving expert
> testimony. The report must contain:

> **(i)** a complete statement of all opinions the
> witness will express and the basis and
> reasons for them;
> **(ii)** the facts or data considered by the
> witness in forming them;
> **(iii)** any exhibits that will be used to
> summarize or support them;

Fed. R. Civ. P. 26(a)(2)(B)(i-iii)

Judge Hall's Scheduling Order [Doc. #22] mandates that,

> [a]n expert witness is anyone, including a
> treating physician, who may be used at trial to
> present evidence under Rules 702, 703, or 705 of
> the Federal Rules of Evidence.  Unless otherwise
> ordered, a party intending to call such a
> witness must disclose a report signed by the
> witness containing the information required to
> be disclosed by Fed. R. Civ. P. 26(a)(2)(B).

[Doc. #22 at 1].

On July 31, 2012, plaintiff was ordered to provide the
required expert reports within fourteen days or these witnesses
would be precluded from offering expert testimony at trial.
[Doc. #55 at 6]. No expert report was provided by plaintiff for
Drs. Katz or Gladstein, or any other treating physician.
Plaintiff did not seek an extension of time to comply with the
Court's order, did not file a motion for reconsideration or
clarification, and did not file an objection to the ruling
pursuant to 28 U.S.C. §636 (b)(1)(A); Fed. R. Civ. P. 6(a), 6(e)
and 72(a); and Rule 2 of the Local Rules for United States
Magistrate Judges. Accordingly, plaintiff is precluded from

offering expert testimony at trial pursuant to the July 31, 2012 ruling.

On June 26, 2013, in the pending Motion to Extend Scheduling Order [Doc. #137], plaintiff sought leave to disclose a new medical expert, Dr. Stewart Gross, and provide the required expert reports of the already precluded experts, Drs. Katz and Gladstein. [Doc. #132]. Plaintiff's proposed schedule provided deadlines for service of the expert reports, expert depositions and an opportunity for defendants to disclose their own experts.  Plaintiff concedes that the physicians' testimony, treatment records and expert reports will be used to prove causation and damages.[1]  On June 30, 2013, revised expert witness disclosures for both Drs. Katz and Gross[2] were filed as part of plaintiff's trial memorandum. [Doc. #137 Ex. 1, 2].

Defendants had already filed a Motion in Limine, dated February 14, 2013, seeking an order precluding plaintiff from offering any reports, testimony or other evidence of his alleged physical injuries at trial pursuant to the Court's July 31, 2012 ruling. [Doc. #85].[3] Defendants contend that plaintiff should not be permitted to escape the Court's preclusion ruling "simply by

---

[1] Plaintiff's counsel made this representation during a telephone status conference held on August 14, 2013.
[2] Plaintiff filed a proposed trial exhibit-supplemental expert report for Dr. Katz-on July 25, 2013. [Doc. 154].
[3] Judge Hall referred the Motion in Limine and Motion for Extension of Time to the undersigned on July 3, 2013.  [Doc. ##138, 139]. Plaintiff filed an opposition brief on July 4, 2013. [Doc. #140]. A reply brief was filed on July 15, 2013. [Doc. #143].  Status conferences were held on July 18 and August 14, 2013. [Doc. #147, 160].

calling [his] treating physicians 'fact witnesses,'"  as their
testimony is neither fact nor lay witness testimony.  [Doc. #85
at 4-5]. Rather, "[a]ll of it, including diagnosis, care,
treatment, causation, permanency, etc., implicates their
specialized knowledge and is opinion testimony under Fed. R.
Evid. 702." Id. at 5.

In opposition, plaintiff argues that he and his pro bono
counsel "lacked sufficient funds to obtain such reports at that
time." [Doc. 140 at 1].  The Court cannot credit this argument,
as the record establishes that plaintiff's counsel had made
several requests for financial reimbursement from the Court
prior to the Court's July 31, 2012, ruling and plaintiff failed
to file a timely application for funds to cover the cost of the
expert reports. See Pl. Motion for Costs and Fees dated May 29,
2012 [doc. #45]; Motion to Incur CJA Expenses [doc. #46];
Interim Motion for Disbursement of Funds [doc. #62]. Nor did
plaintiff's pro bono counsel raise this as an issue in response
to the ruling. Indeed, no application for report costs has been
filed to date, despite the inclusion of the doctors' expert
reports in plaintiff's trial memorandum.

Plaintiff argues that "it would be unduly harsh and an
abuse of discretion to preclude the plaintiff from presenting
this important evidence." [Doc. #140 at 3]. Plaintiff cites two
cases in which "the defense were provided with the names and
identifying information and medical records of the expert
witnesses well in advance of trial; and in both cases, as in

this case, the defense had the opportunity to depose the witnesses." [Doc. #140 at 2].  Both cases are distinguishable from this case because the preclusion of experts was before this Court before any reports were provided to defendants, and plaintiff was given ample notice and an opportunity to serve expert reports before an order of preclusion entered.

Moreover, on February 13, 2013, plaintiff filed a motion for extension of time in which to comply with Judge Hall's pretrial order. [Doc. #80]. On February 14, 2012, defendants filed their trial memorandum, stating that "plaintiff's counsel had not conferred with defense counsel to create a joint memorandum as ordered by the Court." [Doc. #83 at 1]. This motion to preclude was filed on the same day. [Doc. ##83, 85]. On February 21, 2013, the Court denied plaintiff's request for a thirty day extension of time and ordered compliance with the pretrial order by March 7, 2013. [Doc. #94]. Plaintiff's trial memorandum, dated March 6, does not list Drs. Gross, Katz or Gladstein as witnesses but does include as exhibits medical records and billing statements. [Ex. 95, Pl. Ex. 12-14].

On May 26, 2013, Attorney John Williams filed an appearance on behalf of plaintiff. [Doc. #124].  On June 30, 2013, plaintiff filed a Revised Trial Memorandum, amending the witness list to include Drs. Katz, Gross and Gladstein, amending the exhibit list to include the doctors' expert disclosures and appending the expert reports, CVs, fee schedules, medical records and billing statements. [Doc. #137].  Plaintiff has made

no showing of good cause why he was unable to provide this information in a timely manner. Nor has plaintiff provided any explanation (except lack of funds) why the Court should reconsider its July 31, 2012, ruling and vacate the order of preclusion.

Defendants argue vigorously that they would be severely prejudiced if the Court reversed itself and allowed medical testimony at this date so close to trial. Defendants' counsel prepared their case, including the trial memorandum, in reliance on the lack of medical testimony as to the plaintiff's injuries, particularly an opinion tying the alleged acts of the defendant officer to the claimed injuries.  Aside from the dispute over liability, causation is a significant issue, particularly with respect to the plaintiff's wrist condition, which has been treated with surgery and assigned a permanency rating but is, at least to some extent, degenerative rather than traumatic. Reopening discovery at this late date to permit testimony by the treating doctors would likely require defendants to retain and disclose their own medical expert(s), and might well require a change in the theory of the defense, as well as a delay in the scheduled trial.

Defendants also seek an order precluding plaintiff from offering any medical treatment records as exhibits at trial. See, Charlotte Walters Waterbury Hospital v. Howmedica Osteonics Corp., Civ. No. 07CV1124 (JCH), 2009 WL 1929077, *1 (D. Conn. July 2, 2009) (precluding expert opinions contained in medical

reports and narrative letters of treating physicians where
plaintiff failed to comply with expert disclosure requirements
set forth in Judge Hall's scheduling order and Fed. R. Civ. P.
26(a)(2)(B)). Medical reports and treatment records may not be
used to circumvent the necessity for opinion testimony as to
diagnosis, causation, and prognosis. Medical bills may be
offered in the absence of a medical witness to prove damages,
but only where a party has laid a proper foundation to link the
services rendered to the allegedly improper acts of a defendant.
For example, if handcuffing a plaintiff were lawful but the
plaintiff contends that injury resulted, not from the
handcuffing itself, but from some excessive force applied to the
handcuffs, a qualified witness would have to be able to
distinguish between the two, or opine regarding the extent of
exacerbation, before a plaintiff could recover for the injury.
In the absence of such a foundation, bills for treatment would
not be admissible.

Finally, defendants seek an order that "plaintiff,
plaintiff's counsel and all witnesses be precluded from
referencing, arguing, or mentioning in any way the treatment Mr.
Brown allegedly received as a result of his injuries." [Doc. 85
at 8].  Plaintiff may testify as a fact witness to the events at
issue and any related subsequent medical treatment. He is
cautioned, however, that he cannot offer a medical opinion or
offer hearsay testimony regarding his treatment; and the jury
will be instructed on the requirements of proximate causation
for any damages they award.

For the reasons and to the extent stated, defendants' Motion in Limine **[Doc. #85]** is **GRANTED** and plaintiff's Motion to Extend Scheduling Order [**Doc. #132]** is **DENIED**.

This is not a recommended ruling.  This is a discovery ruling and order which is reviewable pursuant to the "clearly erroneous" statutory standard of review.  28 U.S.C. § 636 (b)(1)(A); Fed. R. Civ. P. 6(a), 6(e) and 72(a); and Rule 2 of the Local Rules for United States Magistrate Judges.  As such, it is an order of the Court unless reversed or modified by the district judge upon motion timely made.

SO ORDERED at Bridgeport this 20th day of August 2013.

_____/s/_____
HOLLY B. FITZSIMMONS
UNITED STATES MAGISTRATE JUDGE